# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *

TERRI E. SCRABRO,            *

          *

          *

          *        No. 17-1604V

       Petitioner,    *        Special Master Christian J. Moran

          *

v.           *

          *        Filed: June 11, 2021

SECRETARY OF HEALTH    *

AND HUMAN SERVICES,    *        Entitlement; dismissal.

          *

       Respondent.    *

* * * * * * * * * * * * * * * * * * * *

Samantha P. Travis, Ogle Worm & Travis, PLLP, Kalispell, MT, for petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Terri Scarbro alleged that the influenza ("flu") vaccine she received on October 31, 2014, caused her to suffer Guillain-Barré Syndrome ("GBS"). Pet., filed Oct. 25, 2017, at 1. On May 20, 2021, Ms. Scarbro moved for a decision dismissing her petition.

## I.    Procedural History

Terri Scarbro ("petitioner") filed a petition on October 25, 2017. Along with her petition, she filed relevant medical records. The Secretary then filed his Rule 4(c) report on September 18, 2018. In the report, the Secretary challenged causation, particularly focusing on a lack of evidence regarding onset within an

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

appropriate time frame. Resp't's Rep. at 5-9. Petitioner filed an onset affidavit on November 5, 2018. Between November 2018 and April 2019, petitioner submitted additional medical records to support her claim.

At a status conference held on May 3, 2019, petitioner indicated a desire to submit an expert report and the undersigned issued expert instructions. After retaining Dr. Lock, petitioner requested a deadline of October 1, 2019, for her expert report. Petitioner filed her expert report from Dr. Lock on February 7, 2020, after requested and being granted multiple extensions of time. The Secretary filed his expert report from Dr. Callaghan on April 28, 2020. Petitioner and the Secretary filed supplemental expert reports on October 4, 2020, and December 3, 2020, respectively.

On February 17, 2021, petitioner filed a status report stating that she did not wish to file additional expert reports and had reached out to the Secretary to determine whether the parties could enter into settlement negotiations. On February 19, 2021, the Secretary filed a status report confirming that he did not wish to engage in settlement negotiations.

On March 9, 2021, the undersigned issued an order for submissions in advance of potential adjudication, along with a tentative finding regarding entitlement. In this tentative finding, the undersigned found that, based on the evidence submitted at that time, petitioner had not persuasively established a diagnosis of GBS but, even if she had, "the likely onset is January 2015, which is fairly long after her October 31, 2014 flu vaccination." Tentative Finding Denying Entitlement, filed Mar. 9, 2021, at 3. This was due to the relative qualifications of the experts, as well as a lack of sufficient evidence regarding appropriate timing to satisfy Althen prong 3.

A status conference was then held on March 17, 2021, in which petitioner requested time to determine whether she wished to proceed with briefing or ask for her case to be dismissed. On May 20, 2021, petitioner filed a motion for a decision dismissing her petition. Respondent did not file a response to this motion. Thus, this motion is ready for adjudication.

## II.    Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine

Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of her claim, but wishes to have her claim dismissed and judgment entered against her. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future. See Pet'r's Mot., filed May 20, 2021, ¶¶ 3, 5.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, as addressed in the tentative finding denying entitlement issued on March 9, 2021, based on the medical records and expert reports submitted, petitioner has not met her burden to prove that the vaccine she received caused GBS. As detailed in this tentative finding, respondent's expert Dr. Callaghan has superior qualifications regarding the diagnosis and treatment of GBS. Petitioner also failed to present sufficiently persuasive evidence to establish (1) diagnosis of GBS, and (2) appropriate timing that would satisfy Althen prong 3. If petitioner is unlikely to establish the threshold requirement of a diagnosis or prong 3, it follows that petitioner cannot establish prong 1 or prong 2. See Caves v. Sec'y of Health & Human Servs., 100 Fed. Cl. 199, 145 (2011), aff'd without op., 463 Fed. App'x 932 (Fed. Cir. 2012).

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master